# Exhibit 1

Kyle R. Tognan, Esq. (Attorney ID# 128372014)
**MAGGS McDERMOTT & DiCICCO, LLC**
Attorneys at Law
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
(732) 223-9870
Attorneys for Plaintiff
Our File Number: 3329.0323

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A.,<br><br>Plaintiff,<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY,<br>XYZ CORPS. 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MONMOUTH COUNTY<br><br>DOCKET NO.: MON-L-2769-23<br><br>*CIVIL ACTION*<br><br>**AMENDED COMPLAINT AND JURY<br>DEMAND** |

Plaintiff, The Plastic Surgery Center, P.A. ("TPSC"), by and through their attorneys, Maggs McDermott & DiCicco, LLC, states of the Defendant, Aetna Life Insurance Company ("Aetna"), and says:

## THE PARTIES

1.     TPSC is a professional corporation organized and existing under the laws of the State of New Jersey and maintains its principal place of business at 535 Sycamore Avenue, Shrewsbury, New Jersey 07702.

2.     Aetna is a  health insurance company authorized to conduct business in the State of New Jersey with offices located at 151 Farmington Avenue, RT21, Hartford, Connecticut. At all relevant times, Aetna acted as an authorized agent and administrator of a medical benefits plan (the "Plan") that provided medical benefits to its member, H.B., an individual patient of TPSC.

3.      XYZ Corps. 1-10 are unknown entities that may operate, control, and/or administer healthcare plans, and/or may maintain self-insured health care plans including the Plan.

## FACTUAL ALLEGATIONS

4.      At all relevant times, TPSC engaged in the practice of plastic and reconstructive surgery.

5.      At all relevant times, TPSC was not a participating provider under the Plan.

6.      H.B. is an individual who was diagnosed with left breast cancer.

7.      H.B. required specialized medical services to address her ailments.

8.      To alleviate these ailments, H.B. consulted with Hamid Abdollahi, M.D. ("Dr. Abdollahi"), a physician-employee of TPSC.

9.      Dr. Abdollahi performs highly specialized plastic and reconstructive procedures.

10.     Dr. Abdollahi determined that H.B required breast reconstruction of her left breast following a mastectomy (the "First Surgical Procedure"):

11.     Though the Plan provides benefits for non-participating providers, the rate of compensation pursuant to those benefits is not sufficient to justify Dr. Abdollahi's performance of the First Surgical Procedure.

12.     TPSC, therefore, refused to perform the First Surgical Procedure based on the terms of the Plan that address services that may be provided by and compensation payable to non-participating providers such as TPSC.

13.     Instead, TPSC sought to enter into an agreement with Aetna wherein TPSC would perform the First Surgical Procedure in exchange for an agreed-upon rate of compensation.

14.     Finally aware that TPSC refused to perform the First Surgical Procedure under the Plan as a non-participating provider, Aetna began communications with TPSC so that Aetna could secure the First Surgical Procedure from TPSC that its member required.

15.     On or about July 17, 2020, Natalie Inge ("Inge"), an employee of TPSC, contacted Aetna with the purpose of reaching an agreement wherein TPSC would perform the First Surgical Procedure on H.B. in exchange for an agreed-upon rate of compensation. Inge spoke with "Celina G." at Aetna and, on behalf of TPSC, offered to perform the First Surgical Procedure in exchange for compensation at the "highest in-network rate."

16.     On or about July 22, 2020, TPSC and Aetna entered into a single case rate agreement (the "First Agreement") wherein TPSC would be paid the highest in-network rate for certain preapproved CPT Codes that were applicable to the First Surgical Procedure.

17.     Specifically, Inge spoke with "Dave T.," a representative of Aetna, wherein Aetna agreed to compensate TPSC at the highest in-network rate in exchange for TPSC's performance of the First Surgical Procedure. In addition, the First Agreement required TPSC to forfeit its right to balance Bill H.B.

18.     Specifically, with respect to the CPT Codes, Dave T. advised TPSC that Aetna would pay the highest in-network rate for CPT Codes 19340, 15777, 19357, 14301, and 14302. Reasonably implied in the First Agreement is that other CPT Codes may be applicable to complete the First Surgical Procedure in a competent way and thus, the First Agreement authorized TPSC to complete the First Surgical Procedure by performing the medical procedures memorialized by these implied CPT Codes.

19.     At all relevant times hereto, Celenia G. and Dave T. acted on behalf of Aetna and had actual or apparent authority to act on behalf of and bind Aetna.

20.     On or about July 27, 2020, Aetna issued a letter to H.B. and TPSC confirming that TPSC would be compensated at the highest in-network rate for their performance of the First Surgical Procedure.

21.     Under the Plan, non-participating providers are not entitled to be paid at the highest in-network rate but instead are entitled to be paid at a significantly lower rate than participating providers.

22.     The First Agreement, therefore, because it authorizes payment to TPSC at the highest in-network rate, is in total abrogation of the terms of the Plan regarding how much would be paid to non-participating providers by the Plan for medical services covered by the Plan.

23.     Pursuant to the First Agreement, and in reliance on the promises and representations made by Aetna, TPSC performed the First Surgical Procedure on or about September 28, 2020, with Dr. Abdollahi acting as primary surgeon.

24.     During the performance of the First Surgical Procedure, Dr. Abdollahi reasonably determined CPT Codes 19357-LT and 15777-LT were medically necessary to properly complete the First Surgical Procedure.

25.     TPSC billed $60,839 for the medical services provided by Dr. Abdollahi.

26.     Aetna issued a payment of $16,000 for TPSC's performance of the First Surgical Procedure. In making this payment,  Aetna failed to reimburse TPSC at its "highest in-network rate" for the CPT Codes billed, as agreed, promised, and represented by Dave T.

27.     Following the First Surgical Procedure, H.B. was diagnosed with breast cancer in her right breast and required a mastectomy and breast reconstruction.

28.     H.B. required specialized medical services to address her ailments.

29.     To alleviate these ailments, H.B. again consulted with Dr. Abdollahi.

30.     Dr. Abdollahi determined that H.B. required immediate breast reconstruction of her right breast with placement of permanent implant, as well as a new silicone implant in her left breast (the "Second Surgical Procedure").

31.     The rate of compensation pursuant to the Plan's benefits for non-participating providers is not sufficient to justify Dr. Abdollahi's performance of the Second Surgical Procedure.

32.     TPSC, therefore, refused to perform the Second Surgical Procedure based on the terms of the Plan that address services that may be provided by and compensation payable to non-participating providers such as TPSC.

33.     Instead, TPSC sought to enter into an agreement with Aetna wherein TPSC would perform the Second Surgical Procedure in exchange for an agreed-upon rate of compensation.

34.     Aware that TPSC refused to perform the Second Surgical Procedure under the Plan as a non-participating provider, Aetna began communications with TPSC so that Aetna could secure the Second Surgical Procedure from TPSC that its member required.

35.     In October 2021, TPSC contacted Aetna with the purpose of reaching an agreement wherein TPSC would perform the Second Surgical Procedure on H.B. in exchange for an agreed-upon rate of compensation. TPSC offered to perform the Second Surgical Procedure at the "in-network rate."

36.     On or about October 21, 2021, TPSC and Aetna entered into a single case rate agreement (the "Second Agreement") wherein TPSC would be paid the in-network rate for certain preapproved CPT Codes that were applicable to the performance of the Second Surgical Procedure.

37.     Specifically, Inge received a message from Aetna wherein Aetna agreed to compensate TPSC at the in-network rate in exchange for TPSC's performance of the Second

Surgical Procedure. In addition, the Agreement required TPSC to forfeit its right to balance bill H.B.

38.     Specifically, with respect to the CPT Codes, Aetna advised that it would pay at the in-network rate for CPT Codes 11970, 19380, 19370, 19342, 15777, and 19357. Reasonably implied in the Second Agreement is that other CPT Codes may be applicable to complete the Second Surgical Procedure in a competent way and thus, the Second Agreement authorized TPSC to complete the Second Surgical Procedure by performing the medical procedures memorialized by these implied CPT Codes.

39.     At all relevant times, Aetna's representatives acted on behalf of Aetna and had actual or apparent authority to act on behalf of and bind Aetna.

40.     In addition, Aetna issued a letter to H.B. and TPSC dated October 12, 2021, confirming that TPSC would be compensated at the in-network rate for its performance of the Second Surgical Procedure.

41.     Under the Plan, non-participating providers are not entitled to be paid at the in-network rate but instead are entitled to be paid at a rate significantly lower than participating providers.

42.     The Second Agreement, therefore, because it authorizes payment to TPSC at the in-network rate, is in total abrogation of the terms of the Plan regarding how much would be paid to non-participating providers by the Plan for medical services covered by the Plan.

43.     Pursuant to the Second Agreement, and in reliance on the promises and representations made by Aetna, TPSC performed the Second Surgical Procedure on or about November 11, 2021, with Dr. Abdollahi acting as the primary surgeon and Cindy Pham, PA-C ("Pham") acting as the assistant surgeon.

44.     During the performance of the Second Surgical Procedure, Dr. Abdollahi reasonably determined that CPT Codes 19357-59-RT, 19342-LT, 19370-59-LT, 15777-RT, and 19357-AS-RT were medically necessary to properly complete the Second Surgical Procedure.

45.     TPSC billed $90,589 for the medical services provided by Dr. Abdollahi.

46.     TPSC billed $49,974 for the medical services provided by Pham.

47.     In total, TPSC billed $140,563 for the Second Surgical Procedure.

48.     Aetna issued a payment of $2,606.54 for Dr. Abdollahi's performance of the Second Surgical Procedure. In making this payment, Aetna failed to reimburse TPSC at its "in-network rate" for the CPT Codes billed, as agreed, promised, and represented by Aetna.

49.     Aetna issued a payment of $388.37 for Pham's performance of the Second Surgical Procedure. In making this payment, Aetna failed to reimburse TPSC at its "in-network rate" for the CPT Codes billed, as agreed, promised, and represented by Aetna.

50.     Following the Second Surgical Procedure, H.B. suffered a left implant rupture.

51.     H.B. required specialized medical services to address her ailments.

52.     To alleviate these ailments, H.B. again consulted with Dr. Abdollahi.

53.     Dr. Abdollahi determined that H.B. required the removal and replacement of her left implant (the "Third Surgical Procedure").

54.     The rate of compensation pursuant to the Plan's benefits for non-participating providers is not sufficient to justify Dr. Abdollahi's performance of the Third Surgical Procedure.

55.     TPSC, therefore, refused to perform the Third Surgical Procedure based on the terms of the Plan that address services that may be provided by and compensation payable to non-participating providers such as TPSC.

56.     Instead, TPSC sought to enter into an agreement with Aetna wherein TPSC would perform the Third Surgical Procedure in exchange for an agreed-upon rate of compensation.

57.     Aware that TPSC refused to perform the Third Surgical Procedure under the Plan as a non-participating provider, Aetna began communications with TPSC so that Aetna could secure the Third Surgical Procedure from TPSC that its member required.

58.     On or about January 26, 2023, Inge contacted Aetna with the purpose of reaching an agreement wherein TPSC would perform the Third Surgical Procedure on H.B. in exchange for an agreed-upon rate of compensation. Inge spoke with "Bert" at Aetna and, on behalf of TPSC, offered to perform the Third Surgical Procedure in exchange for compensation at the "in-network rate."

59.     On or about February 2, 2023, TPSC and Aetna entered into a single case rate agreement (the "Third Agreement") wherein TPSC would be paid the in-network rate for certain preapproved CPT Codes that were applicable to the performance of the Third Surgical Procedure.

60.     Specifically, Dr. Abdollahi spoke with a "pier-to-pier" physician representative of Aetna, wherein Aetna agreed to compensate TPSC at the in-network rate in exchange for TPSC's performance of the Third Surgical Procedure. In addition, the Third Agreement required TPSC to forfeit its right to balance bill H.B.

61.     Specifically, with respect to the CPT Codes, the physician representative of Aetna advised TPSC that Aetna would pay the in-network rate for CPT Codes 19342, 19370, 19371, 11406, 13101, 13102, 15777, 14301, and 14302. Reasonably implied in the Third Agreement is that other CPT Codes may be applicable to complete the Third Surgical Procedure in a competent way and thus, the Third Agreement authorized TPSC to complete the Third Surgical Procedure by performing the medical procedures memorialized by these implied CPT Codes.

62.    At all relevant times hereto, Bert and the physician representative of Aetna acted on behalf of Aetna and had actual or apparent authority to act on behalf of and bind Aetna.

63.    Under the Plan, non-participating providers are not entitled to be paid at the in-network rate but instead are entitled to be paid at a rate significantly lower than participating providers.

64.    The Third Agreement, therefore, because it authorizes payment to TPSC at the in-network rate, is in total abrogation of the terms of the Plan regarding how much would be paid to non-participating providers by the Plan for medical services covered by the Plan.

65.    Pursuant to the Third Agreement, and in reliance on the promises and representations made by Aetna, TPSC performed the Third Surgical Procedure on or about March 14, 2023, with Dr. Abdollahi acting as the primary surgeon.

66.    During the performance of the Third Surgical Procedure, Dr. Abdollahi reasonably determined that CPT Codes 19342-LT, 19370-59-LT, and 11406 were medically necessary to properly complete the Third Surgical Procedure.

67.    TPSC billed $32,600 for the medical services provided by Dr. Abdollahi.

68.    Aetna issued a payment of $908.79 for TPSC's performance of the Third Surgical Procedure. In making this payment, Aetna failed to reimburse TPSC at its "in-network rate" for the CPT Codes billed, as agreed, promised, and represented by Aetna.

69.    TPSC has attempted to obtain payment of the outstanding balance agreed to be paid pursuant to the First, Second, and Third Agreement, promises, and representations of Aetna, but Aetna has refused to abide by the Agreements and tender payment as agreed.

## COUNT ONE
### (Breach of Contract – First Surgical Procedure)

70.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

71.     TPSC and Aetna entered into the First Agreement whereunder TPSC would be paid at the highest in-network rate for the First Surgical Procedure.

72.     As consideration for this payment, TPSC agreed to perform the First Surgical Procedure and agreed to forfeit its right to balance bill H.B.

73.     By failing to pay TPSC at the highest in-network rate, Aetna has breached the First Agreement with TPSC.

74.     As a result of Aetna's brief of the First Agreement, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against Aetna for damages in the amount equal to payment at the highest in-network rate, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT TWO
### (Promissory Estoppel – First Surgical Procedure)

75.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

76.     Aetna represented to and promised TPSC that it would pay TPSC for the First Surgical Procedure at the highest in-network rate.

77.     TPSC reasonably relied on this promise and other representations of Aetna and performed the First Surgical Procedure.

78.     Aetna paid TPSC only $16,000 for the First Surgical Procedure, which is below the highest in-network rate.

79.     Aetna has breached the promise and not complied with the representations made to TPSC by paying TPSC at a rate lower than the highest in-network rate for the First Surgical Procedure.

80.     By performing the First Surgical Procedure and not receiving payment based on the promise and representations of Aetna, TPSC has suffered a substantial detriment.

81.     Aetna should have expected TPSC to rely upon its promise because, among other reasons, Aetna knew or should have known that TPSC would not have performed the First Surgical Procedure and forfeited its right to balance bill H.B. without a promise of payment at the highest in-network rate for the First Surgical Procedure.

82.     As a result thereof, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against Aetna for damages in the amount equal to payment at the highest in-network rate, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT THREE
**(Negligent Misrepresentation – First Surgical Procedure)**

83.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

84.     Aetna represented to TPSC that TPSC would be compensated at the highest in-network rate for the performance of the First Surgical Procedure.

85.     Aetna paid TPSC only $16,000 for the First Surgical Procedure, which is below the highest in-network rate.

86.     The representations by Aetna were false, were made without a reasonable basis for the belief that they were true, and were made with the intent that TPSC would rely on them to its detriment.

87.     Aetna owed a duty to TPSC not to make false representations.

88.     TPSC reasonably and justifiably relied upon Aetna's misrepresentations to its detriment that it would be compensated at the highest in-network rate for the performance of the First Surgical Procedure and for forfeiting its right to balance bill H.B.

89.     As a proximate result of the misrepresentations, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against Aetna for damages in the amount equal to payment at the highest in-network rate, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## <u>COUNT FOUR</u>
**(Breach of Contract – Second Surgical Procedure)**

90.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

91.     TPSC and Aetna entered into the Second Agreement whereunder TPSC would be paid at the in-network rate for the Second Surgical Procedure.

92.     As consideration for this payment, TPSC agreed to perform the Second Surgical Procedure and agreed to forfeit its right to balance bill H.B.

93.     By failing to pay TPSC at the in-network rate, Aetna has breached the Second Agreement with TPSC.

94.     As a result of Aetna's brief of the Second Agreement, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against Aetna for damages in the amount equal to payment at the in-network rate, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## <u>COUNT FIVE</u>
### (Promissory Estoppel – Second Surgical Procedure)

95.  TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

96.  Aetna represented to and promised TPSC that it would pay TPSC for the Second Surgical Procedure at the in-network rate.

97.  TPSC reasonably relied on this promise and other representations of Aetna and performed the Second Surgical Procedure.

98.  Aetna paid TPSC only $2,994.91 for the Second Surgical Procedure, which is below the in-network rate.

99.  Aetna has breached the promise and not complied with the representations made to TPSC by paying TPSC at a rate lower than the in-network rate for the Second Surgical Procedure.

100.  By performing the Second Surgical Procedure and not receiving payment based on the promise and representations of Aetna, TPSC has suffered a substantial detriment.

101.  Aetna should have expected TPSC to rely upon its promise because, among other reasons, Aetna knew or should have known that TPSC would not have performed the Second Surgical Procedure and forfeited its right to balance bill H.B. without a promise of payment at the in-network rate for the Second Surgical Procedure.

102.  As a result thereof, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against Aetna for damages in the amount equal to payment at the in-network rate, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## <u>COUNT SIX</u>
### (Negligent Misrepresentation – Second Surgical Procedure)

103.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

104.     Aetna represented to TPSC that TPSC would be compensated at the in-network rate for the performance of the Second Surgical Procedure.

105.     Aetna paid TPSC only $2,994.91 for the Second Surgical Procedure, which is below the in-network rate.

106.     The representations by Aetna were false, were made without a reasonable basis for the belief that they were true, and were made with the intent that TPSC would rely on them to its detriment.

107.     Aetna owed a duty to TPSC not to make false representations.

108.     TPSC reasonably and justifiably relied upon Aetna's misrepresentations to its detriment that it would be compensated at the in-network rate for the performance of the Second Surgical Procedure and for forfeiting its right to balance bill H.B.

109.     As a proximate result of the misrepresentations, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against Aetna for damages in the amount equal to payment at the in-network rate, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT SEVEN
### (Breach of Contract – Third Surgical Procedure)

110.    TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

111.    TPSC and Aetna entered into the Third Agreement whereunder TPSC would be paid at the in-network rate for the Third Surgical Procedure.

112.    As consideration for this payment, TPSC agreed to perform the Third Surgical Procedure and agreed to forfeit its right to balance bill H.B.

113.    By failing to pay TPSC at the in-network rate, Aetna has breached the Third Agreement with TPSC.

114.    As a result of Aetna's brief of the Third Agreement, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against Aetna for damages in the amount equal to payment at the in-network rate, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT EIGHT
### (Promissory Estoppel – Third Surgical Procedure)

115.    TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

116.    Aetna represented to and promised TPSC that it would pay TPSC for the Third Surgical Procedure at the in-network rate.

117.    TPSC reasonably relied on this promise and other representations of Aetna and performed the Third Surgical Procedure.

118.    Aetna paid TPSC only $2,994.91 for the Third Surgical Procedure, which is below the in-network rate.

119.    Aetna has breached the promise and not complied with the representations made to TPSC by paying TPSC at a rate lower than the in-network rate for the Third Surgical Procedure.

120.    By performing the Third Surgical Procedure and not receiving payment based on the promise and representations of Aetna, TPSC has suffered a substantial detriment.

121.    Aetna should have expected TPSC to rely upon its promise because, among other reasons, Aetna knew or should have known that TPSC would not have performed the Third Surgical Procedure and forfeited its right to balance bill H.B. without a promise of payment at the in-network rate for the Third Surgical Procedure.

122.    As a result thereof, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against Aetna for damages in the amount equal to payment at the in-network rate, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT NINE
### (Negligent Misrepresentation – Third Surgical Procedure)

123.    TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

124.    Aetna represented to TPSC that TPSC would be compensated at the in-network rate for the performance of the Third Surgical Procedure.

125.    Aetna paid TPSC only $2,994.91 for the Third Surgical Procedure, which is below the in-network rate.

126.     The representations by Aetna were false, were made without a reasonable basis for the belief that they were true, and were made with the intent that TPSC would rely on them to its detriment.

127.     Aetna owed a duty to TPSC not to make false representations.

128.     TPSC reasonably and justifiably relied upon Aetna's misrepresentations to its detriment that it would be compensated at the in-network rate for the performance of the Third Surgical Procedure and for forfeiting its right to balance bill H.B.

129.     As a proximate result of the misrepresentations, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against Aetna for damages in the amount equal to payment at the in-network rate, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## JURY DEMAND

Plaintiff hereby demands a jury for all issues so triable.

## DEMAND FOR INSURANCE COVERAGE

In accordance with R. 4:10-2, Plaintiff hereby demands a complete copy of Defendant's applicable insurance agreement(s) demonstrating coverage, including policy and declaration sheets, within thirty (30) days of service of this Complaint.

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Pursuant to the provisions of <u>Rule</u> 4:25-4, KYLE R. TOGNAN is hereby designated as trial counsel on behalf of the Plaintiff.

MAGGS MCDERMOTT & DiCICCO, LLC
*Attorneys for Plaintiff*

*s/ Kyle R. Tognan*

By:   _____

KYLE R. TOGNAN

Dated: February 2, 2024

## <u>RULE 4:5-1 CERTIFICATION</u>

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy is not the subject of any other pending court action or arbitration, nor contemplated between these parties. I further certify that, to the best of my knowledge, information and belief, no other party should be joined in this action.

*s/ Kyle R. Tognan*

By:   _____

KYLE R. TOGNAN

Dated: February 2, 2024

Kyle R. Tognan, Esq. (Attorney ID# 128372014)
**MAGGS McDERMOTT & DiCICCO, LLC**
Attorneys at Law
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
(732) 223-9870
Attorneys for Plaintiff
Our File Number: 3329.0323

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A.,<br><br>Plaintiff,<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY,<br>XYZ CORPS. 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MONMOUTH COUNTY<br><br>DOCKET NO.: MON-L-<br><br>*CIVIL ACTION*<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, The Plastic Surgery Center, P.A. ("TPSC"), by and through their attorneys, Maggs McDermott & DiCicco, LLC, states of the Defendant, Aetna Life Insurance Company ("Aetna"), and says:

## THE PARTIES

1.     TPSC is a professional corporation organized and existing under the laws of the State of New Jersey and maintains its principal place of business at 535 Sycamore Avenue, Shrewsbury, New Jersey 07702.

2.     Aetna is a health insurance company authorized to conduct business in the State of New Jersey with offices located at 151 Farmington Avenue, RT21, Hartford, Connecticut. At all relevant times, Aetna acted as an authorized agent and administrator of a medical benefits plan (the "Plan") that provided medical benefits to H.B.

3.      XYZ Corps. 1-10 are unknown entities that may operate, control, and/or administer healthcare plans, and/or may maintain self-insured health care plans including the Plan.

## **FACTUAL ALLEGATIONS**

4.      At all relevant times, TPSC engaged in the practice of plastic and reconstructive surgery.

5.      H.B. is an individual who was diagnosed with left breast cancer.

6.      To alleviate these ailments, H.B. consulted with Hamid Abdollahi, M.D. ("Dr. Abdollahi"), a physician-employee of TPSC.

7.      Dr. Abdollahi determined that H.B required breast reconstruction of her left breast following a mastectomy (the "Surgical Procedure"):

8.      On or about July 27, 2020, TPSC and Aetna entered into a single case rate agreement (the "Agreement") wherein TPSC would be paid the highest in-network rate, which was understood to be the Usual Customary and Reasonable ("UCR") rate, for certain preapproved CPT Codes that represented the Surgical Procedure. In addition, the Agreement required TPSC to forfeit its right to balance bill H.B.

9.      On July 28, 2020, TPSC performed the Surgical Procedure, with Dr. Abdollahi acting as primary surgeon.

10.     TPSC billed $60,839 for the medical services provided by Dr. Abdollahi (the "Claim"), which is the UCR rate for the Surgical Procedure.

11.     Aetna issued a payment of $16,000 on the Claim, leaving a balance of $44,839.40.

12.     Aetna's payment on the Claim is less than the agreed-upon UCR rate.

13.     TPSC has attempted to obtain payment of the outstanding balance agreed to be paid pursuant to the Agreement, but Aetna has refused to abide by the Agreement and tender payment as agreed.

## COUNT ONE
**(Breach of Contract)**

14.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

15.     TPSC and Aetna entered into the Agreement whereunder TPSC would be paid at the UCR rate for the Surgical Procedure.

16.     The UCR rate for the Surgical Procedure is $60,839.

17.     As consideration for this payment, TPSC agreed to perform the Surgical Procedure and agreed to forfeit its right to balance bill H.B.

18.     By failing to pay TPSC at the UCR rate, Aetna has breached the Agreement with TPSC.

19.     As a result of Aetna's brief of the Agreement, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against Aetna for damages in the amount of $44,839.40, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT TWO
**(Promissory Estoppel)**

20.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

21.     Aetna represented to and promised TPSC that it would pay TPSC for the Surgical Procedure at the UCR rate.

22.     The UCR rate for the Surgical Procedure is $60,839.

23.     TPSC reasonably relied on this promise and other representations of Aetna and performed the Surgical Procedure.

24.     Aetna paid TPSC only $16,000 for the Surgical Procedure.

25.     Aetna has breached the promise and not complied with the representations made to TPSC by paying TPSC at a rate lower than the UCR rate for the Surgical Procedure.

26.     By performing the Surgical Procedure and not receiving payment based on the promise and representations of Aetna, TPSC has suffered a substantial detriment.

27.     Aetna should have expected TPSC to rely upon its promise because, among other reasons, Aetna knew or should have known that TPSC would not have performed the Surgical Procedure and forfeited its right to balance bill H.B. without a promise of payment at the UCR rate for the Surgical Procedure.

28.     As a result thereof, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against Aetna for damages in the amount of $44,839.40, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT THREE
### (Negligent Misrepresentation)

29.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

30.     Aetna represented to TPSC that TPSC would be compensated at the UCR rate for the performance of the Surgical Procedure.

31.     The UCR rate for the Surgical Procedure is $60,839.

32.     Aetna paid TPSC only $16,000 for the Surgical Procedure.

33.     The representations by Aetna were false, were made without a reasonable basis for the belief that they were true, and were made with the intent that TPSC would rely on them to its detriment.

34.     Aetna owed a duty to TPSC not to make false representations.

35.     TPSC reasonably and justifiably relied upon Aetna's misrepresentations to its detriment that it would be compensated at the UCR rate for the performance of the Surgical Procedure and for forfeiting its right to balance bill H.B.

WHEREFORE, TPSC demands judgment against Aetna for damages in the amount of $44,839.40, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## JURY DEMAND

Plaintiff hereby demands a jury for all issues so triable.

## DEMAND FOR INSURANCE COVERAGE

In accordance with R. 4:10-2, Plaintiff hereby demands a complete copy of Defendant's applicable insurance agreement(s) demonstrating coverage, including policy and declaration sheets, within thirty (30) days of service of this Complaint.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, KYLE R. TOGNAN is hereby designated as trial counsel on behalf of the Plaintiff.

MAGGS MCDERMOTT & DiCICCO, LLC
*Attorneys for Plaintiff*

*s/ Kyle R. Tognan*

By:     _____
        KYLE R. TOGNAN

Dated: August 30, 2023

# Civil Case Information Statement

**Case Details: MONMOUTH | Civil Part Docket# L-002769-23**

**Case Caption:** THE PLASTIC SURGERY  CENTER, P  VS
AETNA LIFE INS

**Case Initiation Date:** 09/06/2023

**Attorney Name:** KYLE R TOGNAN

**Firm Name:** MAGGS, MCDERMOTT & DICICCO, LLC

**Address:** ALLAIRE COPORATE CTR 3349 HIGHWAY 138
BLDG C STE D
WALL NJ 07719

**Phone:** 7322239870

**Name of Party:** PLAINTIFF : THE PLASTIC SURGERY
CENTER, PA

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: THE PLASTIC SURGERY
CENTER, PA? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>09/06/2023</u>
Dated

<u>/s/ KYLE R TOGNAN</u>
Signed

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1270
FREEHOLD          NJ 07728

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 358-8700
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:    SEPTEMBER 06, 2023
                    RE:      THE PLASTIC SURGERY  CENTER, P  VS AETNA LIFE INS
                    DOCKET:  MON L -002769 23

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON DAVID A. NITTI

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (732) 358-8700 EXT 87549.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: KYLE R. TOGNAN
                              MAGGS, MCDERMOTT & DICICCO, LL
                              ALLAIRE COPORATE CTR
                              3349 HIGHWAY 138 BLDG C STE D
                              WALL           NJ 07719


ECOURTS

Kyle R. Tognan, Esq. (Attorney ID# 128372014)
**MAGGS McDERMOTT & DiCICCO, LLC**
Attorneys at Law
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
(732) 223-9870
Attorneys for Plaintiff
Our File Number: 3329.0323

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A.,<br><br>Plaintiff,<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY, XYZ CORPS. 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MONMOUTH COUNTY<br><br>DOCKET NO.: MON-L-2769-23<br><br>C i v i l   A c t i o n<br><br>ACKNOWLEDGEMENT OF SERVICE |

TO:   CLERK, SUPERIOR COURT
      Monmouth County Court House
      PO Box 1269
      Freehold, NJ 07728

MADAM:

Service of the summons and complaint upon defendant Aetna Life Insurance Company in this matter is hereby acknowledged this 2‑8 day of September, 2023.

ROBINSON & COLE, LLP
Attorneys for Defendant, Aetna Life
Insurance Company

BY: _____
    ADAM J. PETITT, ESQUIRE

DATED:    September 2‑8, 2023

ROBINSON & COLE LLP
Adam J. Petitt, Esquire (N.J. ID # 020822008)
1650 Market Street, Suite 3030
Philadelphia, PA 19103
T: (215) 398-0562
F: (215) 398- 0599
E: apetitt@rc.com
*Attorneys for Defendants Aetna Life Insurance Company*

| | | |
|---|---|---|
| THE PLASTIC SURGERY CENTER, P.A., | : | SUPERIOR COURT OF NEW JERSEY |
| | : | MONMOUTH COUNTY/LAW DIVISON |
| Plaintiff, | : | |
| | : | |
| v. | : | DOCKET NO.: MON-L-002769-23 |
| | : | |
| AETNA LIFE INSURANCE COMPANY, XYZ CORPS 1-10 | : | CIVIL ACTION |
| | : | |
| | : | **STIPULATION EXTENDING** |
| Defendant. | : | **TIME TO RESPOND TO** |
| | : | **COMPLAINT** |

        IT IS HEREBY STIPULATED AND AGREED by and between counsel for Plaintiff, The Plastic Surgery Center, P.A., and counsel for Defendant, Aetna Life Insurance Company, that the time within which said Defendant must answer, plead, or otherwise respond to the Complaint is extended to and including December 15, 2023.

Dated:  November 1, 2023

/s/ Kyle R. Tognan
MAGGS MCDERMOTT & DICICCO
Kyle R. Tognan, Esq.
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
(732) 223-9870
ktognan@maggslawnj.com
*Attorneys for Plaintiff*
*The Plastic Surgery Center P.A.*

/s/ Adam J. Petitt
ROBINSON & COLE, LLP
1650 Market Street, Suite 3030
Philadelphia, PA 19103
(215) 398-0562
APetitt@rc.com
*Attorneys for Defendant*
*Aetna Life Insurance Company*

ROBINSON & COLE LLP
Adam J. Petitt, Esquire (N.J. ID # 020822008)
1650 Market Street, Suite 3030
Philadelphia, PA 19103
T: (215) 398-0562
F: (215) 398- 0599
E: apetitt@rc.com
*Attorneys for Defendants Aetna Life Insurance Company*

| | | |
|---|---|---|
| THE PLASTIC SURGERY CENTER, P.A., | : | SUPERIOR COURT OF NEW JERSEY |
| | : | MONMOUTH COUNTY/LAW DIVISON |
| Plaintiff, | : | |
| | : | |
| v. | : | DOCKET NO.: MON-L-002769-23 |
| | : | |
| AETNA LIFE INSURANCE COMPANY, XYZ CORPS 1-10 | : | CIVIL ACTION |
| | : | |
| | : | **SECOND STIPULATION** |
| Defendant. | : | **EXTENDING TIME TO** |
| | : | **RESPOND TO COMPLAINT** |

        IT IS HEREBY STIPULATED AND AGREED by and between counsel for

Plaintiff, The Plastic Surgery Center, P.A., and counsel for Defendant, Aetna Life Insurance

Company, that the time within which said Defendant must answer, plead, or otherwise respond to

the Complaint is extended to and including January 19, 2024.

Dated:  December 13, 2023

*/s/ Kyle R. Tognan*                           */s/ Adam J. Petitt*
MAGGS MCDERMOTT & DICICCO          ROBINSON & COLE, LLP
Kyle R. Tognan, Esq.                       1650 Market Street, Suite 3030
Allaire Corporate Center                   Philadelphia, PA 19103
3349 Highway 138                           (215) 398-0562
Building C, Suite D                        APetitt@rc.com
Wall, New Jersey 07719                     *Attorneys for Defendant*
(732) 223-9870                             *Aetna Life Insurance Company*
ktognan@maggslawnj.com
*Attorneys for Plaintiff*
*The Plastic Surgery Center P.A.*

ROBINSON & COLE LLP
Adam J. Petitt, Esquire (N.J. ID # 020822008)
1650 Market Street, Suite 3030
Philadelphia, PA 19103
T: (215) 398-0562
F: (215) 398-0599
E: apetitt@rc.com
*Attorneys for Defendants Aetna Life Insurance Company*

|  |  |  |
|---|---|---|
| | x | SUPERIOR COURT OF NEW JERSEY |
| THE PLASTIC SURGERY CENTER, P.A., | : | MONMOUTH COUNTY/LAW |
| | : | DIVISON |
| Plaintiff, | : | |
| | : | DOCKET NO.: MON-L-002769-23 |
| v. | : | |
| | : | CIVIL ACTION |
| AETNA LIFE INSURANCE COMPANY, | : | |
| XYZ CORPS 1-10, | : | |
| | : | **NOTICE OF APPEARANCE** |
| Defendants. | : | |
| | x | |

To the Clerk of This Court and All Parties of Record:

Please enter my appearance as counsel in this case for the Defendant Aetna Life

Insurance Company.  I certify that I am admitted to practice in this Court.

Dated:  December 14, 2023

> */s/ Adam J. Petitt*
> ROBINSON & COLE LLP
> 1650 Market Street, Suite 3030
> Philadelphia, PA 19103
> (215) 398-0562
> APetitt@rc.com
> *Attorneys for Defendant*

ROBINSON & COLE LLP
Adam J. Petitt, Esquire (N.J. ID # 020822008)
1650 Market Street, Suite 3030
Philadelphia, PA 19103
T: (215) 398-0562
F: (215) 398- 0599
E: apetitt@rc.com
*Attorneys for Defendants Aetna Life Insurance Company*

| | | |
|---|---|---|
| THE PLASTIC SURGERY CENTER, P.A., | : | SUPERIOR COURT OF NEW JERSEY |
| | : | MONMOUTH COUNTY/LAW DIVISON |
| Plaintiff, | : | |
| | : | |
| v. | : | DOCKET NO.: MON-L-002769-23 |
| | : | |
| AETNA LIFE INSURANCE COMPANY, XYZ CORPS 1-10, | : | CIVIL ACTION |
| | : | |
| Defendant. | : | **STIPULATION EXTENDING TIME FOR PLAINTIFF TO FILE AN AMENDED COMPLAINT AND FOR DEFENDANT TO RESPOND TO THE COMPLAINT** |

Defendant Aetna Life Insurance Company's ("Aetna") deadline to respond to the Complaint is January 19, 2024. However, Plaintiff, The Plastic Surgery Center, P.A., intends to file an Amended Complaint and needs additional time to prepare the pleading.[1] Accordingly, the parties agree to a 14-day extension for Plaintiff to file its Amended Complaint.

IT IS HEREBY STIPULATED by and between counsel for Plaintiff and counsel for Aetna that Aetna's time to respond to the current Complaint is extended to and including February 2, 2024, for Plaintiff to file its Amended Complaint.

---

[1] In addition to the current action, Plaintiff filed 28 similar lawsuits against Aetna – four (4) of which are pending in the Superior Court of New Jersey, Monmouth County, and the remaining 24 are pending in the District Court of New Jersey. Plaintiff intends to amend all 29 complaints against Aetna and requires additional time to do so.

Dated:  January 18, 2024

*/s/ Kyle R. Tognan*
MAGGS MCDERMOTT & DICICCO
Allaire Corporate Center
3349 Highway 138, Building C, Suite D
Wall, New Jersey 07719
(732) 223-9870
ktognan@maggslawnj.com
*Attorneys for Plaintiff*
*The Plastic Surgery Center P.A.*

*/s/ Adam J. Petitt*
ROBINSON & COLE LLP
1650 Market Street, Suite 3030
Philadelphia, PA 19103
(215) 398-0562
apetitt@rc.com
*Attorneys for Defendant*
*Aetna Life Insurance Company*

ROBINSON & COLE LLP
Adam J. Petitt, Esquire (N.J. ID # 020822008)
1650 Market Street, Suite 3030
Philadelphia, PA 19103
T: (215) 398-0562
F: (215) 398-0599
E: apetitt@rc.com
*Attorneys for Defendants Aetna Life Insurance Company*

|  |  |  |
|---|---|---|
| THE PLASTIC SURGERY CENTER, P.A., | : | SUPERIOR COURT OF NEW JERSEY |
|  | : | LAW DIVISON – MONMOUTH COUNTY |
| Plaintiff, | : |  |
|  | : | DOCKET NO.: MON-L-002769-23 |
| v. | : |  |
|  | : | CIVIL ACTION |
| AETNA LIFE INSURANCE COMPANY, | : | **STIPULATION EXTENDING TIME** |
| XYZ CORPS 1-10 | : | **TO RESPOND TO AMENDED** |
|  | : | **COMPLAINT** |
| Defendant. | : |  |
|  | : |  |

IT IS HEREBY STIPULATED AND AGREED by and between counsel for
Plaintiff, The Plastic Surgery Center, P.A., and counsel for Defendant, Aetna Life Insurance
Company, that the time within which said Defendant must answer, plead, or otherwise respond to
the Amended Complaint is extended to and including March 23, 2024.

Dated: February 21, 2024

*/s/ Kyle R. Tognan*                                      */s/ Adam J. Petitt*
MAGGS MCDERMOTT & DICICCO          ROBINSON & COLE, LLP
Kyle R. Tognan, Esq.                              One Liberty Place
Allaire Corporate Center                         1650 Market Street, Suite 3030
3349 Highway 138                                  Philadelphia, PA 19103
Building C, Suite D                                 T: (215) 398-0562
Wall, New Jersey 07719                         F: (215) 398-0599
(732) 223-9870                                        APetitt@rc.com
ktognan@maggslawnj.com                      *Attorneys for Defendant*
*Attorneys for Plaintiff*                           *Aetna Life Insurance Company*
*The Plastic Surgery Center P.A.*

-

```
MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1270
FREEHOLD          NJ 07728
                              DISMISSAL NOTICE

TELEPHONE - (732) 358-8700 EXT. 87549,AUBREY GALLAGHER     TEAM 001
COURT HOURS:  8:30 AM - 4:30 PM

              DATE: MARCH 01, 2024
              RE: THE PLASTIC SURGERY  CENTER, P  VS AETNA LIFE INS
         DOCKET: MON L -002769 23
         PARTY:   AETNA LIFE INSURANCE



        PLEASE TAKE NOTICE THAT ON APRIL 30, 2024     (60 DAYS FROM DATE OF
THIS NOTICE), THE COURT WILL DISMISS THE ABOVE PARTY OR PARTIES FOR LACK OF
PROSECUTION WITHOUT PREJUDICE, PURSUANT TO RULE 1:13-7 OR RULE 4:43-2 UNLESS ACTION
REQUIRED UNDER THE ABOVE RULES IS TAKEN.


   HON DAVID A. NITTI                              ATT: KYLE R. TOGNAN
_____           MAGGS, MCDERMOTT &
DICICCO, LL
          JUDGE                                    ALLAIRE COPORATE CTR
                                                   3349 HIGHWAY 138 BLDG C
STE D
                                                   WALL           NJ 07719
```